UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

**v.**                                                    **Case No. 6:25-cr-290-CEM-DCI**

**NEDA JOUDEH,**

_____/

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss the
Indictment (Doc. 32), to which the Government filed a Response (Doc. 41), and on
which the Court held a hearing, (Min. Entry, Doc. 42). This cause is also before the
Court on Defendant's Motion for Leave to File Supplemental Briefing (Doc. 45).[1]
Both Motions will be granted.

## I.   BACKGROUND

Defendant is charged with one count of transmission of an interstate threat to
injure or kill another person in violation of 18 U.S.C. § 875(c). (Indictment, Doc. 1,
at 1). The facts alleged in the Indictment state that Defendant violated this statute
via "an online comment that included the statement, 'I wish someone would in alive
him.'" (_Id._). The Indictment provides no further information as to where or why this

---

[1] Also pending are Defendant's Motion to Compel Grand Jury Transcripts (Doc. 31) and
Motion for Discovery (Doc. 33), which will be rendered moot by this Order.

comment was posted, to whom it was communicated, or who the referenced "him" is in the comment. (*See generally id.*).

Defendant has now moved to dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(1), arguing that the Indictment violates Defendant's First Amendment right to free speech, and Rule 12(b)(3)(B)(v), arguing that the Indictment fails to state an offense. Because the Indictment is due to be dismissed under Rule 12(b)(3)(B)(v), the Court need not address the arguments under Rule 12(b)(1).

## II.   LEGAL STANDARD

"The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense." Fed. R. Crim. P. 7(c)(1). A defendant may move to dismiss the indictment for "failure to state an offense" if "the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(B)(v). "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006). "[T]he facts as alleged in the indictment" are "view[ed] in favor of the government and assume[d] to be true." *Id.* at 1259.

## III.    ANALYSIS

"An indictment is sufficient if it '(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" *United States v. Doak*, 47 F.4th 1340, 1351 (11th Cir. 2022) (quotation omitted). The thrust of the parties' arguments address the first requirement—the essential elements of the offense.

"It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quotation omitted).  "[I]f the indictment tracks the language of the statute, 'it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) (quotation omitted).[2]

---

[2] The Supreme Court has recognized that "there are crimes that must be charged with greater specificity." *United States v. Resendiz-Ponce*, 549 U.S. 102, 109 (2007). And the Sixth and Third Circuits have both determined that § 875(c) is the type of crime that may require additional context and specificity. *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001); *United States v. Stock*, 728 F.3d 287, 301 (3d Cir. 2013).

To establish a violation of § 875(c) here, the Government is required to prove the following:

> (1) the Defendant knowingly sent a message in [interstate or foreign] commerce containing a true threat to [injure the person of another];[3] and
>
> (2) the Defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat.

Eleventh Cir. Crim. Pattern Jury Instr. O30.3.

A "true threat" is "a serious threat—not idle talk, a careless remark, or something said jokingly—that is made under circumstances that would place a reasonable person in fear of" being injured or of another person being injured. *Id.* "The 'true' in that term distinguishes what is at issue from jests, 'hyperbole,' or other statements that when taken in context do not convey a real possibility that violence will follow (say, 'I am going to kill you for showing up late')." *United States v. Albizar Martinez*, No. 25-11781, 2025 WL 2814881, at *4 (11th Cir. Oct. 3, 2025) (quoting *Counterman v. Colorado*, 600 U.S. 66, 74 (2023)). "True threats, in other words, are 'serious expressions conveying that a speaker means to commit an act of unlawful violence.'" *Id.*

Typically, whether a statement constitutes a true threat is a question for the jury. *United States v. Hussaini*, No. 19-60387-CR, 2022 WL 138474, at *8 (S.D.

---

[3] Section 875(c) also encompasses threats to kidnap, but no such threat is charged here.

Fla. Jan. 14, 2022) (collecting cases). However, there are situations where an indictment is "so plainly deficient" that it fails to allege a true threat as a matter of law. *Id.* at *7; *United States v. O'Dwyer*, 443 F. App'x 18, 20 (5th Cir. 2011); *United Stock*, 728 F.3d 287, 298 (3d Cir. 2013).

Here, as noted above, the Indictment provides no context. It alleges that Defendant transmitted the "online comment," "I wish someone would in alive him." (Doc. 1 at 1). The Government argues that "in alive" is a typographical error that should be interpreted as "unalive," which is a euphemism for kill. Even accepting this construction as true, no reasonable jury could consider this broad, non-detailed wish to be a threat at all, much less a true threat.

Under certain circumstances, a wish may possibly constitute a true threat. *See, e.g.*, *United States v. C.S.*, 968 F.3d 237, 245 (3d Cir. 2020) ("There is no rule that conditional statements, statements 'convey[ing] a vague timeline or condition,' or even wishes can never be a true threat." (quotation omitted)). However, in the few cases where an "I wish" type of statement constituted a true threat, there were additional statements alleged that provided threatening context.

For example, in *Stock*, the indictment alleged that the defendant "posted a notice on Craig's List" stating:

> i went home loaded in my truck and spend the past 3 hours
> looking for this douche with the expressed intent of
> crushing him in that little piece of shit under cover gray
> impala hooking up my tow chains and dragging his stupid

ass down to creek hills and just drowning him in the falls. but alas i can't fine that bastard anywhere . . . i really wish he would die, just like the rest of these stupid fucking asshole cops. so J.K.P. if you read this i hope you burn in hell. i only wish i could have been the one to send you there.

728 F.3d at 290.

In addressing the defendant's argument that the final three sentences of this post established that it was not a true threat because "[m]erely wishing[] or hoping that harm would come to another falls outside the scope of" § 875(c), the Third Circuit reasoned that it was possible for a wish to "constitute a threat *in the right context*." *Id.* at 301 (emphasis added). And then the Third Circuit looked at "the context of the first and second sentences," and determined that "a reasonable jury could find that [the defendant] did not simply wish that [the victim] would suffer harm, but that he was prepared to commit the act himself." *Id.*

Similarly, the Eighth Circuit rejected a defendant's argument that he did not make a true threat because he was merely expressing a wish that the President would suffer harm in an email that stated:

> WHATS SO HARD ABOUT A BIRTH RECORD? ONLY NON AMERICAN S STILL TRUST YOU. YOU ARE A CROOK A FEAR MONGEL I HATE YOU AND I HOPE SOMEONE KILLS YOU AND YOUR FAMILY REAL SOON. TO WARN THE NEXT ILLEGAL ALIEN WHO TRIES TO TAKE YOUR PLACE. I WASNT RACISET UNTILL 2008 THANKS NIGGERS! WHITE PEOPLE CAN BE NIGGERS TOO! kill obama MRS OBAMA AND THE 2 LITTLE NIGGER BRAT KIDS!

*United States v. Christenson*, 653 F.3d 697, 698 (8th Cir. 2011).

In addressing this statement, the Eighth Circuit looked at the context of an additional email the defendant sent to the same recipient in the same timeframe where he wrote "i would kill obama if i could" and "i want to see obama's blood spilled all over the white house make it pink." *Id.* at 701[4]; *see also United States v. Saul*, No. 8:19-cr-311, 2020 WL 2124853, at *1, 4 (D. Neb. May 5, 2020) (denying a motion to dismiss where the defendant posted the following comment on Facebook: "Some borrow me a gun and a couple hundred rounds of ammo. Wanna get in on this whole mass shooting craze before it dies down. Everybody getting shot at least once. Myself included," reasoning that the post provided specific details of what the defendant wanted to do, how he would do it, and why he would do it).

Indeed, the Government's Response here does not grapple with the fact that the statement alleged in the Indictment only expresses a general wish, instead attempting to frame the statement as a conditional threat. (Doc. 41 at 9–10). But the statement is not conditional; it does not indicate that some sort of violence will befall another if or unless a condition is met. *See, e.g., United States v. Alaboud*, 347 F.3d 1293, 1297 (11th Cir. 2003) (finding that multiple voicemails, which "entailed graphic promises of violence that would fall upon [the victim] and his law firm if

---

[4] While *Christenson* was in a different procedural posture—a motion to withdraw a plea, rather than a motion to dismiss an indictment—the issue of whether a wish can, as a matter of law, constitute a threat is equally applicable.

[the victim] did not return the retainer fee" could constitute a true threat despite the conditional nature of the statement); *C.S.*, 968 F.3d at 245 (addressing the defendant's statement that he would "to attack the church if 'Christians trigger[ed]' him" and noting that "the conditional nature of his statements and absence of definite plans do not foreclose a finding by a rational factfinder that the statements were objectively threats").

Instead, the statement alleged in the Indictment is a mere wish that "someone" would "in alive" an unnamed "him." There is no promise or indication that specific violence will befall someone if a condition occurs. This statement is simply a vague desire that someone was no longer alive. *See Solomon v. Petray*, No. 5:10-cv-05163 LH, 2013 U.S. Dist. LEXIS 7648, at *14 (W.D. Ark. Jan. 18, 2013) ("[T]he mere wish that a person die from a slow and painful disease does not constitute a true threat."); *United States v. Daulong*, 60 F. Supp. 235, 236 (W.D. La. 1945) ("If the defendant had simply said that someone should or ought to kill the President, with no declaration or other indication that the speaker intended or would commit the act, it seems clear that this would not amount to a threat.").

Moreover, this case is factually distinguishable from those cited by the Government. In *United States v. Demeo*, the "[d]efendant commented on twenty-two different YouTube videos with death threats to various ethnic groups, including Muslims, 'American blacks,' immigrants, and 'people from India,'" including

threats "to slaughter, eradicate, and kill every Muslim man, woman, and child" and "to kidnap and kill entire towns of Muslim men, women, and children by loading them on buses to a location where they will be shot in the head and sent through a woodchipper." No. 2:26-cr-24-SPC-DNF, 2026 WL 1077630, at *1 (M.D. Fla. Apr. 21, 2026). The *Demeo* Court held that the Government was not required to allege additional context, reasoning: "The indictment need not allege context so long as a reasonable person could interpret the alleged comments as threatening. And indeed, a reasonable person could interpret Defendant's comments as threatening, in which he expresses his intent to kill, commit genocide, and slaughter various ethnic groups." *Id.* at *3. In other words, the statements in *Demeo* were facially direct threats. In contrast to the statements in *Demeo*, the statement alleged here expresses no intent by Defendant to kill or harm anyone, nor does it provide details as to how Defendant or anyone else would kill or harm another.

The alleged threat in *United States v. Giancola* is similarly distinguishable. No. 2:25-cr-238-KCD-NPM, 2026 U.S. Dist. LEXIS 101900 (M.D. Fla. Feb. 15, 2026). There it was alleged that the defendant posted: "I would shoot them dead. Gestapo Lives Don't Matter." *Id.* at *1. While recognizing that there are certain, rare cases where "a statement is so clearly non-threatening that no reasonable jury could find otherwise," the *Giancola* Court determined that the statement at issue did not

fall within that category because it was specific and violent. *Id.* at \*5–6. The statement here has no such specificity or violence.

The same is true for the remaining cited cases—those cases involved specific statements that were facially threats and, in most cases, had additional threatening context.[5] *United States v. Biddle*, No. 6:25-cr-162-RBD-DCI, 2025 WL 2936417, at \*1 (M.D. Fla. Oct. 9, 2025) (alleging that the defendant "threat[ened] to take the life of the President of the United States in a series of online posts, specifically indicating that the President was going to get assassinated for engaging in treason"); *United States v. Abbott*, No. 24-cr-20098, 2025 WL 1744360, at \*1 (S.D. Fla. June 24, 2025) (alleging in the Indictment that the defendant sent an email stating: "'I will shoot onsite: [E.P., A.P.P., A.S., and D.G.],'" who were each "law enforcement officers from the City of Coral Gables Police Department"); *United States v. Baker*, 514 F. Supp. 3d 1369, 1377 (N.D. Fla. 2021) (alleging that the defendant "created an 'event' on Facebook titled 'Defend Tallahassee'" where he made comments about "[a]rmed racist mobs" and "their plans to storm every American state Capitol on or

---

[5] The Government also cites *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017), which does not involve § 875(c). *Davis* addresses 18 U.S.C. § 1512, which deals with "tampering with a witness, victim or an informant," and specifically subsection (b)(1), which criminalizes, among other things, "knowingly us[ing] intimidation, threat[s], or corrupt[] persua[sion of] another person, or attempts to do so . . . with intent to . . . influence, delay, or prevent the testimony of any person in an official proceeding." Thus, the context of the statement in *Davis* is entirely different. But even there, the Eleventh Circuit stated: "If a reasonable recipient, familiar with the context of the communication, would interpret it as a threat, the issue should go to the jury," implicitly acknowledging that if a reasonable recipient would *not* interpret it as a threat, the issue should not go to the jury and can be decided as a matter of law. *Davis*, 854 F.3d at 1293.

around Inauguration day," stating "We will fight back. We will circle the state Capitol and let them fight the cops and take the building. Then we will encircle them and trap them inside. We will drive them out of Tallahassee with every caliber available" and "Militant friends will . . . coral the trump terrorists into the Capitol building" as well commenting on an online news article: "CALL TO ARMS JANUARY 20TH!" with "an image of what appears to be . . . an 'AK-47'" and stating, among other things, "SURROUND THEM AND TRAP THEM INSIDE! . . . If you're afraid to die fighting the enemy, stay in bed and live").

Eleventh Circuit caselaw addressing threats in the context of motions for judgments of acquittal are similar. *See, e.g.*, *United States v. Franks*, No. 24-11546, 2025 WL 2732412, at *1 (11th Cir. Sept. 25, 2025) ("Franks promised to shoot Watts. He said he knew where Watts worked (which was true) and when (also true). . . . Graphic promises to commit murder are paradigmatic threats."); *United States v. Fleury*, 20 F.4th 1353, 1359 (11th Cir. 2021) (upholding a conviction for a threat to kidnap where the threats included the statements: "I'm your abductor I'm kidnapping you fool" and "With the power of my AR-15, I take your loved ones away from you PERMANENTLY"); *United States v. Callahan*, 702 F.2d 964, 966 (11th Cir. 1983) (determining that the letter at issue was "threatening on its face" where the defendant stated "that it is 'essential' that the president-elect and vice president-elect be assassinated"; he "specifie[d] a date, time, and place, and

manifest[ed] a willingness to accept the consequences of the murders if it [could] be arranged for him 'to get into the act . . .'"; and he "offer[ed] to arrive in Washington, D.C., 'in a few hours'").

In contrast to the above statements, the Fifth Circuit in *United States v. O'Dwyer*, affirmed the dismissal of an indictment, determining that the following statement was not a true threat as a matter of law: "Maybe my creditors would benefit from my suicide, but suppose I become 'homicidal'? Given the recent 'security breach' at 500 Poydras Street, a number of scoundrels might be at risk if I DO become homicidal." 443 F. App'x 18, 19 (5th Cir. 2011). The Fifth Circuit reasoned that the "statement [was] hypothetical and conditional," that it "did not threaten bodily harm to any particular individual." *Id.* at 20.

The statement at issue here is not specific, not graphic, and not explicitly violent. It does not express an intent to commit harm in the past, present, or future, and there is no other context to explain how this statement could possibly be threatening. Even the comment in *O'Dwyer*, which was determined not to be a threat as a matter of law, is more threatening than the one alleged here. The statement "I wish someone would in alive him" is simply not a threat. No reasonable jury could conclude otherwise. The Indictment is due to be dismissed.

## IV.    CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion for Leave to File Supplemental Briefing (Doc. 45) is **GRANTED**. Defendant's Supplemental Brief (Doc. 45-1) is accepted as properly filed.

2. Defendant's Motion to Dismiss the Indictment (Doc. 32) is **GRANTED**. The Indictment (Doc. 1) is **DISMISSED**.

3. All remaining motions are **DENIED as moot**.

4. This case is set for an in-person status conference on **Friday, September 4, 2026, at 9:30 AM**. If the Government files a Notice of Appeal, this status conference will be cancelled.

**DONE** and **ORDERED** in Orlando, Florida on August 1, 2026.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record